409 F.3d 1234
 Rita BASTIEN, Plaintiff-Appellant,
v.
The OFFICE OF SENATOR BEN NIGHTHORSE CAMPBELL, Defendant-Appellee,
American Federation of State, County and Municipal Employees, AFL-CIO; National Employment Lawyers Association; AARP; National Asian Pacific American Legal Consortium; American Association of People with Disabilities, Project on Government Oversight; and Public Citizen, Inc., Amici Curiae.
 No. 02-1343.
 United States Court of Appeals, Tenth Circuit.
 May 31, 2005.
 
 Karen Larson, John S. Evangelisti, Denver, CO, for Plaintiff-Appellant.
 Jean Marie Manning, Claudia Anne Kostel, Office of the Senate Chief Counsel for Employment, Arlington, VA, for Defendant-Appellee.
 Glen D. Nager, Jones, Day, Reavis & Pogue, Larry P. Weinberg, AFSCME General Counsel's Office, Vincent Eng, National Asian Pacific American Legal Consortium, Andrew J. Imparato, American Association of People with Disabilities, Allison M. Zieve, Public Citizen Litigation Group, Sheila A. Bedi, Institute for Public Representation, Washington, DC, Jenifer Bosco, National Employment Lawyers Association, San Francisco, CA, Traci L. Lovitt, Jones, Day, Reavis & Pogue, New York, NY, for Amici Curiae.
 Before SEYMOUR, BALDOCK, and HARTZ, Circuit Judges.
 ORDER ON MOTION TO DISMISS APPEAL AND VACATE JUDGMENT
 PER CURIAM.
 
 
 1
 Our opinion in this case was filed on December 10, 2004. Senator Campbell's term of office ended at noon on January 3, 2005. Two weeks later Defendant, the Office of Senator Ben Nighthorse Campbell, filed in this court a motion to dismiss the appeal and vacate our judgment on the ground that the litigation abated when Senator Campbell's term ended because Defendant then ceased to exist. Plaintiff responded to the motion, and we invited Amici Curiae to submit supplemental briefs on the abatement issue. Defendant filed a response to these briefs.
 
 
 2
 We deny the motion to dismiss the appeal and vacate our judgment. There is no contention that the case was moot when we handed down our decision. To be sure, when Senator Campbell's term of office expired no mandate had yet issued from this court. But this is inconsequential. We agree with the Third Circuit's analysis in Finberg v. Sullivan, 658 F.2d 93, 97 n. 5 (3d Cir.1980) (en banc):
 
 
 3
 Because the obligations of the parties are not fixed until the Court's mandate issues, it would appear to follow that the Court retains authority to amend its judgment until it issues its mandate. Nonetheless, the extent of a Court's supervision of a case between entry of judgment and issuance of mandate should not be overstated. Issuance of mandate is largely a ministerial function, and follows automatically ... after entry of judgment, unless stayed. For most purposes, the entry of judgment, rather than the issuance of mandate, marks the effective end to a controversy on appeal. Indeed, the mandate of the Court ordinarily consists of nothing more than a certified copy of the judgment and a copy of the opinion of the Court, along with directions as to costs.
 
 
 4
 (emphasis added) (internal citation omitted).
 
 
 5
 That circuit later applied this dictum in Humphreys v. Drug Enforcement Administration, 105 F.3d 112 (3d Cir.1996). The DEA had moved the court to vacate an unfavorable opinion resolving the appeal and dismiss the appeal as moot because the appellant/doctor died prior to issuance of the mandate. The court refused, noting that "the mere fact that the ministerial act of issuing the mandate remains to be completed should not determine the outcome." Id. at 115.
 
 
 6
 [T]his case is not one that became moot while "on its way here" or while "pending our decision on the merits." Rather, we heard and determined the merits of the appeal. As of the time our decision was filed, there was indisputably a live controversy between the parties, one that significantly impacted upon both Dr. Humphreys' reputation and his livelihood. We therefore plainly possessed jurisdiction over the appeal. Thus, in the true, i.e., jurisdictional sense of mootness, the appeal is not moot.
 
 
 7
 Id.; see also Armster v. United States Dist. Court, 806 F.2d 1347, 1355 (9th Cir.1986) ("There is a significant difference between a request to dismiss a case or proceeding for mootness prior to the time an appellate court has rendered its decision on the merits and a request made after that time.... Whether or not to dismiss is a question that lies within our discretion.").
 
 
 8
 Most recently, the Second Circuit refused to dismiss an appeal as moot where it had issued an expedited order reversing the district court, but had yet to issue its opinion. In In re Grand Jury Investigation, 399 F.3d 527 (2d Cir.2005), the former chief legal counsel to the Connecticut Governor was subpoenaed to testify before the grand jury in a corruption investigation. The district court compelled counsel's testimony and the Governor appealed on the basis of privilege. While awaiting the appellate court's opinion, the Governor pleaded guilty to fraud and the grand jury expired. The court wrote:
 
 
 9
 Due to [the Governor's] guilty plea and the expiration of the grand jury ..., the Government has moved for dismissal of this appeal as moot, implicitly requesting that we vacate our [prior] order and withhold this opinion from publication. Although the appeal was not moot at the time we issued our order and this opinion merely explains the reasoning behind that order, the Government points out that the mandate has yet to issue and the appeal is thus technically still pending before our panel....
 
 
 10
 We find that the mootness doctrine does not require either that we vacate our prior order or refrain from issuing this opinion. At least in the civil context, vacatur of a previously issued decision of a court of appeals is not constitutionally mandated, and indeed is typically inappropriate, when the appeal is subsequently mooted due to settlement between the parties or the losing party's unilateral actions. We generally have discretion, moreover, to leave our order intact where the circumstances leading to mootness occur after we file our decision but before the mandate has issued.
 
 
 11
 Id. at 529 n. 1 (emphasis added) (internal citations omitted).
 
 
 12
 Exercising our discretion in the matter, we deny Defendant's motion. Mandate shall issue forthwith. Our decision is without prejudice to Defendant's raising its abatement claim in district court.