**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RITA BASTIEN,

    Plaintiff-Appellee,

v.

THE OFFICE OF SENATOR BEN
NIGHTHORSE CAMPBELL,

    Defendant-Appellant.

No. 06-1047
(D. C. No. 01-CV-799-CAB-MEH)

**ORDER**

Before **TACHA**, Chief Circuit Judge, **KELLY** and **HENRY**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* 10th Cir. R. 27.2(B)(4). The case is therefore ordered submitted without oral argument.

  Rita Bastien was employed as a staff member by the Office of Senator Ben Nighthorse Campbell ("Office"). After she was terminated, Ms. Bastien sued the Office under the Congressional Accountability Act ("CAA"), 2 U.S.C. § 1301 *et seq.*, alleging that her termination was the

result of age discrimination and retaliation. The matter is currently before the court on an interlocutory appeal filed by the Office challenging an order denying its motion to dismiss. We dismiss for lack of appellate jurisdiction.

## BACKGROUND

The district court originally dismissed Ms. Bastien's complaint, concluding that the personnel actions taken by the Office were protected by the Speech or Debate Clause of the United States Constitution, U.S. Const. art. I, § 6 ¶ 1. *See Bastien v. Office of Senator Ben Nighthorse Campbell*, 209 F. Supp. 2d 1095, 1104 (D. Colo. 2002). On appeal, this court reversed and remanded. We held that only legislative acts, defined as official formal acts and perhaps their functional equivalent, are protected by the Speech or Debate Clause, and that, because Ms. Bastien's duties were not legislative and the personnel actions allegedly taken against her were not in themselves legislative, her CAA claim could proceed. *See Bastien v. Office of Senator Ben Nighthorse Campbell*, 390 F.3d 1301, 1305-06 (10th Cir. 2004).

Shortly after this court issued its opinion, Senator Campbell's term expired. The Office then filed a motion to dismiss the appeal and vacate the judgment on the ground that the litigation abated when the Senator's term ended because the defendant then ceased to exist. We denied the motion, but stated that "[o]ur decision is without prejudice to [the Office] raising its abatement claim in district court." *Bastien v. Office of Senator Ben*

2

*Nighthorse Campbell*, 409 F.3d 1234, 1236 (10th Cir.), *cert. denied*, 126 S. Ct. 396 (2005).

On remand the Office filed a motion to dismiss, arguing again that, because the Office, a necessary party to the litigation, ceased to exist, Ms. Bastien lost her right to proceed, and that the case had become moot. The district court denied the motion, concluding that under the CAA the term "employing office actually refers to Congress and Congress is the responsible entity under the CAA." *Bastien v. Office of Senator Ben Nighthorse Campbell*, 2005 WL 3334359, *4 (D. Colo. 2005) (unpublished). Accordingly, the court concluded that there is a party to respond to a possible judgment, that there are adverse parties, and that the court could grant relief. This order is the subject of this appeal.[1]

## DISCUSSION

The CAA extends the protection of eleven workplace statutes, including the Age Discrimination in Employment Act, to congressional employees, and allows employees to file suit in federal district court. *See* 2 U.S.C. § § 1302 (a), 1404(2). The CAA explicitly retains Speech or Debate Clause immunity. *See id.* § 1413. In order to implement the provisions of

---

[1]In addition to filing this appeal, the Office, after obtaining certification from the district court, filed a 28 U.S.C. § 1292(b) petition seeking permission to appeal. This court, however, denied the petition.

3

the CAA, Congress created an independent office within the legislative branch called the Office of Compliance. *See id.* § 1381. The aggrieved employee may not file a complaint against the individual member, but only against the "employing office." *See id.* § 1408(b). The term "employing office" in this case means the "personal office of a Member of the House of Representatives or of a Senator." *See id.* § 1301(9)(A). Damages are paid from an account specifically appropriated for such purpose into the Office of Compliance's account in the Treasury. *See id.* § 1415(a).

The Office argues that because the district court's erroneous interpretation of the CAA results in a denial of its sovereign immunity and a violation of the principle of separation of powers, this interlocutory appeal falls within the collateral order doctrine as set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-47 (1949).

There are three conditions which must be met for collateral order review. The order being appealed must: "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 126 S. Ct. 952, 957 (2006) (internal cites and quotes omitted).

In *Will*, the Supreme Court's most recent pronouncement on the collateral order doctrine, the Court stressed that only a very few types of

interlocutory orders can qualify as immediately appealable collateral orders. The requirements are "stringent and unless they are kept so, the underlying doctrine will overpower the substantial finality interests [28 U.S.C.] § 1291 is meant to further." *Id.* (cites and quotes omitted). *Will* noted the four kinds of interlocutory orders which may be immediately appealed: those rejecting claims of absolute immunity, qualified immunity, and Eleventh Amendment immunity, and those issuing an adverse ruling on a double jeopardy defense. *Id.* at 958.

In discussing the requirement that the order must be effectively unreviewable from a final judgment, the Court explained that

> [s]ince only some orders denying an asserted right to avoid the burdens of trial qualify, then, as orders that cannot be reviewed 'effectively' after a conventional final judgment, the cases have to be combed for some further characteristic that merits appealability under *Cohen*, and that something further boils down to a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement.
>
> …
>
> In each case [where an interlocutory appeal has been allowed], some particular value of a high order was marshaled in support of the interest in avoiding trial: honoring the separation of powers, preserving the efficiency of government and the initiative of its officials, respecting a State's dignitary interests, and mitigating the government's advantage over the individual. That is, it is not mere avoidance of a trial,

> but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later.

*Id.* at 958-59 (internal cites and quotes omitted).

The Office relies on this circuit's opinion in *United States v. Bolden*, 353 F.3d 870 (10th Cir. 2003), decided before *Will*, in which this court held that a district court order which disqualified the entire United States Attorney's office for the Western District of Oklahoma from representing the government on a criminal defendant's motion to compel, was immediately appealable under *Cohen*. The *Bolden* court held that the injury to the government by the district court's order was grounded in separation of powers and could not be effectively vindicated on appeal from a final judgment. "The interests protected by the doctrine simply will not abate during the possibly lengthy resolution of this matter, and appellate vindication cannot undo such an invasion of Executive authority." *Id.* at 878.

The Office argues that its appeal raises separation of powers issues, as in *Bolden*, as well as sovereign immunity concerns. The Office contends that under the CAA judicial review is limited, *see* 2 U.S.C. § 1410, and that by allowing Ms. Bastien's case to proceed, the district court went beyond its statutory authority, resulting in a violation of separation of powers and the

6

denial of sovereign immunity.

Section 1410 states that

> Except as expressly authorized by sections 1407[2], 1408[3], and 1409[4] of this title, the compliance or noncompliance with the provisions of this chapter and any action taken pursuant to this chapter shall not be subject to judicial review.

Contrary to the Office's assertion, Ms. Bastien's action falls within the judicial review provided in § 1408. *See id.* § 1408 ("The district courts of the United States shall have jurisdiction over any civil action commenced under section 1404 of this title and this section by a covered employee who has completed counseling under section 1402 of this title and mediation under section 1403 of this title. A civil action may be commenced by a covered employee only to seek redress for a violation for which the employee has completed counseling and mediation.").

As much as the Office tries to couch its argument in terms of immunity

---

[2]Section 1407 provides that the Court of Appeals for the Federal Circuit shall have jurisdiction to review decisions of the Board of Directors of the Office of Compliance.

[3]Section 1408 requires that an employee must complete counseling and mediation before filing suit in district court. The Office does not claim that Ms. Bastien has not met these requirements.

[4]Section 1409 allows for judicial review of regulations issued under the CAA.

and separation of powers, the issues are abatement and mootness: whether Ms. Bastien's cause of action ceased to exist and/or became moot when Senator Campbell left office. These issues do not involve either immunity or separation of powers concerns. When Ms. Bastien originally filed this action, the district court had jurisdiction to hear the matter. The fact that Senator Campbell's term subsequently expired does not raise questions of either immunity or separation of powers.

Accordingly, this appeal is **DISMISSED**.

Entered for the Court
PER CURIAM